FILED

NOT FOR PUBLICATION

DEC 19 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD SMITH; REBECCA KLEIN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant - Appellee. | No. 10-17321 <br><br> D.C. No. 3:06-cv-00497-MMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted November 29, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and EZRA, District Judge. [**]

Plaintiffs Richard Smith and Rebecca Klein appeal the district court's grant

of summary judgment to defendant Ford Motor Company. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

## I.  CLRA Claims

Plaintiffs' claim under the Consumers Legal Remedies Act is based on the failure of Ford to disclose the risk that ignition locks in its Focus vehicles from model years 2000 through 2006 would fail after the warranty expired. A manufacturer cannot be found liable under the CLRA for failure to disclose a defect that manifests itself after expiration of the warranty period unless such omission (1) is "contrary to a representation actually made by the defendant" or (2) pertains to a "fact the defendant was obligated to disclose." *Daugherty v. Am. Honda Motor Co., Inc.*, 51 Cal. Rptr. 3d 118, 126 (Cal. Ct. App. 2006). As plaintiffs do not allege that Ford made affirmative representations concerning the ignition locks, the parties agree that plaintiffs cannot prevail absent a duty to disclose by Ford.

Under California's general law of fraud, a duty to disclose may arise, *inter alia*, when the defendant had exclusive knowledge of material facts not known to the plaintiff or when the defendant actively conceals a material fact from the plaintiff. *See Limandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (Cal. Ct. App. 1997). This appeal largely centers on the question of whether California law creates a duty to disclose non-safety related defects that manifest only after the warranty period, absent any affirmative representations regarding those defects by the manufacturer.

We agree with the district court that, under *Daugherty*, where a plaintiff's claim is predicated on a manufacturer's failure to inform its customers of a product's likelihood of failing outside the warranty period, the risk posed by such asserted defect cannot be merely the economic cost of the product's repair but must constitute a safety concern. 51 Cal. Rptr. 3d at 127-128.

Plaintiffs argue that the district court erred by deciding that the ignition-lock defect did not pose a safety risk as a matter of law. Specifically, plaintiffs contend that the failure rate of the Focus ignition locks was related to safety because a defective lock may prevent the driver from starting the engine, thereby leaving the driver stranded on the roadway, or may prevent the enging from being shut off,

rendering the vehicle vulnerable to runaway or theft.[1] We agree with the district court that the "safety" concerns raised by plaintiffs were too speculative, as a matter of law, to amount to a safety issue giving rise to a duty of disclosure. We affirm the grant of summary judgment on the CLRA claims.

## II.     Fraudulent Concealment Claims

Common law fraudulent concealment under California law requires that "the defendant must have been under a duty to disclose some fact to the plaintiff." *Hahn v. Mirda*, 54 Cal. Rptr. 3d 527, 530 (Cal. Ct. App. 2007). Because Ford was under no duty to disclose the failure rate of the ignition locks in the Focus, we affirm the district court's grant of summary judgment on this ground.

---

[1]Plaintiffs also appeal two related evidentiary rulings by the district court. First, plaintiffs appeal the district court's consideration, over objection, of an affidavit submitted by Ford from Paul Taylor, Ph.D, an expert in mechanical engineering. Dr. Taylor opined that the ignition lock defect at issue could not result in an inability to turn off the engine. We conclude that the district court did not abuse its discretion in finding that Dr. Taylor's opinion was the product of reliable principles and methods. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993). Second, plaintiffs argue that the district court abused its discretion by refusing to admit records from Ford's AWS warranty database and Ford's Customer Quality Indicator System based on a determination that they were inadmissible hearsay. Because plaintiffs do not dispute that these records were hearsay and offer unpersuasive arguments as to why they fall under an exception, we conclude that the district court did not abuse its discretion in ruling them inadmissible. Further, given the apparent unreliability of the records in demonstrating ignition lock-failures, the plaintiffs were not prejudiced by this decision.

## III. Unconscionable Warranty Claims

Smith argues that Ford's standard three-year, 36,000 mile warranty was unconscionable because it was non-negotiable and contained durational limitations that Ford enforced with respect to the known latent defect in the ignition locks. Under California law, unconscionability includes both a procedural and substantive element. *Aron v. U-Haul Co. of Cal.*, 49 Cal. Rptr. 3d 555, 564 (Cal. Ct. App. 2006).

While California courts have rejected the notion that "the availability in the marketplace of substitute employment, goods, or services *alone* can defeat a claim of procedural unconscionability," *Nagrampa v. Mailcoups, Inc*, 469 F.3d 1257, 1283 (9th Cir. 2006), the existence of *meaningful* substitutes can. *See, e.g., Dean Witter Reynolds, Inc. v. Superior Court*, 259 Cal. Rptr. 789, 796-97 (Cal. Ct. App. 1989) (noting that "even though a contract may be adhesive, the existence of 'meaningful' alternatives available to such contracting party in the form of other source of supply tends to defeat any claim of unconscionability"). Smith was presented with a meaningful choice, not just the option of purchasing a different vehicle from a different manufacturer, but also the option of purchasing a different warranty with an extended durational limit from Ford. We agree with the district court that Smith failed to provide sufficient evidence to support a finding in his

favor regarding procedural unconscionability. Further, because Ford was under no duty to disclose the failure rate of the ignition locks, and Smith has offered no evidence that Ford's warranty created "overly harsh or one-sided results as to shock the conscience," *Aron*, 49 Cal. Rptr. 3d at 564 (internal citations omitted), we affirm the district court's finding regarding the unconscionability of Ford's warranty.

## IV. Secret Warranty Law Claims

California's Secret Warranty Law provides that:

> [a] manufacturer shall, within 90 days of the adoption of an adjustment program, subject to priority for safety or emission-related recalls, notify by first-class mail all owners or lessees of motor vehicles eligible under the program of the condition giving rise to and the principal terms and conditions of the program.

Cal. Civ. Code § 1795.92(a). An "adjustment program" is defined as follows:

> any program or policy that expands or extends the consumer's warranty beyond its stated limit or under which a manufacturer offers to pay for all or any part of the cost of repairing, or to reimburse consumers for all or any part of the cost of repairing, any condition that may substantially affect vehicle durability, reliability, or performance, other than service provided under a safety or emission-related recall campaign.

Cal. Civ. Code § 1795.90(d). The law further provides that an adjustment program "does not include ad hoc adjustments made by a manufacturer on a case-by-case basis." *Id.*

We agree with the district court that plaintiffs failed to offer sufficient evidence to support a finding that Ford's After-Warranty Assistance program fell within the statutory exception for "ad hoc" adjustments. Plaintiffs' allegation that the program was an "adjustment program," as applied to ignition locks in the Focus, boiled down to the fact that Ford had replaced more than 16,000 Focus ignition locks under the program by the end of 2008. According to plaintiffs, the sheer number of repairs indicated that this was more than an "ad hoc" policy. However, Ford's internal materials emphasized that repair decisions were to be made on a case-by-case basis, did not reference ignition locks specifically, and offered only vague guidelines, such as whether there was a potential for a customer relations impact.

Plaintiffs did not carry their burden in showing that there was a genuine issue of material fact as to whether Ford's program was in violation of the Secret Warranty Law.

**V. UCL Claims**

The California Unfair Competition Law prohibits business acts or practices that are (1) fraudulent, (2) unfair, or (3) unlawful. *See* Cal. Bus. & Prof. Code § 17200; *see also Daugherty*, 51 Cal. Rptr. 3d at 128. We affirm the district court's grant of summary judgement in favor of Ford on all three prongs.

To prevail on a claim under the fraudulent conduct prong of the UCL, the plaintiff must show that "members of the public are likely to be deceived" by the alleged practices. *Bardin v. DaimlerChrysler Corp.*, 39 Cal. Rptr. 3d 634, 647 (Cal. Ct. App. 2006); *see also Daugherty*, 51 Cal. Rptr. 3d at 128. When dealing with a complex mechanical system sold under warranty, such as a vehicle, the expectation of the reasonable consumer regarding the life span of an individual component is that it will function properly for the length of the express warranty. *See Daugherty*, 51 Cal. Rptr. 3d at 128-29. Plaintiffs failed to provide sufficient evidence to support a decision in their favor on the fraudulent conduct prong.

An act or practice is unfair under the UCL "if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Id.* at 129 (citing *Camacho v. Auto. Club of S. Cal.*, 48 Cal. Rptr. 3d 770, 777 (Cal. Ct. App. 2006)). Further:

> the failure to disclose a defect that might, or might not,

> shorten the effective life span of an automobile part that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers, and accordingly does not constitute an unfair practice under the UCL.

*Id.* at 130. Here, just as the injury in *Daugherty* was deemed to not be substantial, the increased failure rate of the ignition locks in the Focus after the warranty period was not substantial and Ford's practices did not represent unfair conduct under the UCL.

The unlawful conduct prong of the UCL is derivative of other California laws, including the CLRA, common law fraudulent concealment, and the Secret Warranty Law. As discussed, plaintiffs failed to carry their burden as to any of these claims. As such, there was no violation under the unlawful prong of the UCL.

## VI. Unjust Enrichment Claim

Plaintiffs also appeal the district court's ruling that unjust enrichment is not an independent cause of action in California. This argument has no merit. *Jogani v. Superior Court*, 81 Cal. Rptr. 3d 503, 511 (Cal. Ct. App. 2008); *Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357 (Cal. Ct. App. 2003)); *see also Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008) (dismissing unjust enrichment claim because it had no basis after plaintiffs's fraud-based claims were dismissed); *Berenblat v. Apple, Inc.,* 2009 WL 2591366, at *6

(N.D. Cal. 2009) ("[A] claim for unjust enrichment cannot stand alone without a cognizable claim under a quasi-contractual theory or some other form of misconduct.").

## VII. Motion to Certify Questions to the California Supreme Court

Plaintiffs' motion to certify questions to the California Supreme Court is denied. As discussed above, sufficient controlling precedent exists from the California appellate courts to address the questions posed, and there is no indication that the California Supreme Court would decide these issues differently. *See* Cal. Rules of Court 8.548; *Bills v. U.S. Fid. & Guar. Co.*, 280 F.3d 1231, 1237 n.1 (9th Cir. 2002) ("[A] federal court is obligated to follow the decisions of the state's intermediate appellate courts where there is no convincing evidence that the state supreme court would decide differently.").

**AFFIRMED.**